Case number 15-1412 at L. Scomas of Sausalito, LLC, Petitioner v. National Labor Relations Board. Ms. Aki for the Petitioner, Ms. Beard for the Respondent. Good morning, Your Honors, Diane. Yes, let's wait until the courtroom clears. Sure. All right. Go ahead. Good morning, Your Honors, Diane. Aki for the Petitioner, Ms. Scomas of Sausalito. May it please the Court. The deference that this Court grants to Board decisions is not unlimited. Where the Board has acted arbitrarily and capriciously and in such a way that thwarts the underlying principles of the National Labor Relations Act, this Court is empowered to step in. I ask you to do so here. In this case, the Board mechanically applied the holding in Levitz and disregarded relevant surrounding factors. This is the very definition of capriciousness. A brief timeline of the incidences. On October 28, 2013, the employer received a decertification petition signed by the majority of the bargaining unit. Let me interrupt you because I think we all know the facts. The owner's testimony is not complete in the record. Did he was he asked on direct or on cross or did he volunteer what he would have done if he had known of the six defectors that he would have, instead of decertifying, would have called for an election? No, Your Honor. That was not on in the record. He was he was not asked that he was not. But I believe that we can infer from the record that if he had been notified of the reacquired majority support, that he would not have withdrawn recognition primarily because the employees had actually filed that decertification petition and an election was going to be held anyway. So so if we had been notified that the union had reacquired support, we wouldn't have acted the way that we had acted. Right. And as I remember, he also checked all the signatures to make sure that the decertification petition, at least what he had in front of him, was valid. Yes, Your Honor. He did. And that is one of the issues that's before the court, that an employer who has the absolutely best objective evidence in his hands, the best objective evidence that led that the Leavitt's case discussed, if an employer acts on that evidence and has no information otherwise that the union has acquired majority support, why why would the board not take that factor into consideration on the remedy or what? You're not you're not contesting Leavitt's. Leavitt's is is the law. You're right, Your Honor. I'm not contesting Leavitt's. And so Leavitt's says the employer acts at its peril. Your Honor, with all due respect, any rule of law that says the employer acts at its peril is is necessarily arbitrary and capricious. How can an employer... How can it be necessarily if the employer has... Let me finish. You don't know what my question is going to be. If part of that contemplates the employer has the option to just file for a petition for an election. Your Honor, in this particular case, if what the employer had in front of him was 100 percent objective evidence that the union had lost majority support, there was no reason for the employer to actually file an R.M. petition for an election. Number one, the employees had already filed a decertification petition. So an election was actually in the future. Number two, an R.M. petition is not an effective method of getting an election if the union still has the option of filing a blocking charge. No, I'm not following that at all. Well, and to respond to what you said, I am not asking that Leavitt's be overturned. What I'm asking is that applying a strict mechanical application of Leavitt's to the facts in this case where the employer had absolutely no... You're saying that what we really should focus on here is the remedy. That it's a bargaining order remedy. No, I'm not. I'm not saying that. And I would like to get to the remedy. You're not saying that? I beg your pardon? You're not saying that? What are you saying? Well, I'm not saying that right now. In my brief, I am saying that. The effectiveness of the remedy of a bargaining order is not appropriate in this case. And I believe that the board did not go through the three factors in the Vincent Plastics case. Okay, but wait. Go back. What else are you saying? I am saying that... Leavitt's, you agree. Leavitt's is the law. I agree that Leavitt's is the law. We can't change Leavitt's. I'm not asking you to change Leavitt's. Okay, so now you're off. I'm asking you to find that the strict application of Leavitt's to the facts in this case, and the specific fact in this case, is that the employer did not have before him... That goes to the remedy. The strict application in this case means you're fighting about the remedy that the board chose. I believe... You say you're not fighting Leavitt's, so the board... I believe... The employer committed an unlawful act. What you're really quibbling over is, but in the circumstances of this case, it was unfair for the board to issue a bargaining order. It seems, you know, you certainly have an argument there, and I'll be interested to hear what the board has to say. But you can't have it both ways. You can say Leavitt's is the law, and you agree, and you're not trying to challenge that, but when you say strict application, all that means to me is the remedy that they chose to deal with the Leavitt's violation was inappropriate, maybe. Well, I certainly agree that the remedy they chose is inappropriate. Otherwise, your line of argument makes no sense to me. Well, Your Honor, I believe that when the board does not take into a factor that the employer had absolutely no information... That's changing Leavitt's. You can't have it both ways. Well, let me ask you this. You've got at least one ALJ in Johnson Controls, which is before the board now, and I don't think they've acted on it. And the ALJ says at your peril does not mean a game of gotcha, and that's what you're asking us to do is to construe at its peril or his peril or whatever peril does not mean that a union can hide its hand and then say we've got you on this. Isn't that basically what you're arguing? That is exactly what I'm saying. It's the construction of Leavitt's. Yes, Your Honor. So that there is no ULP here is your position. That is my position. And moving on... Then you really are not consistent in what you're arguing. You say you're not challenging Leavitt's. Leavitt's says technically it's a violation. And wait, let me finish. That's what it says. And you're saying we're not challenging. We agree. I do understand when you follow through and say, okay, it's a technical violation, but it's a gotcha violation, and the remedy should not be a bargaining oil. That may make sense because that piece of it is not corrupting Leavitt's. But you can on the one hand say I'm not challenging Leavitt's, which says you violated it. It's too bad. But you can say the remedy that was afforded here or granted is inappropriate given the circumstances. Well, Your Honor, in Leavitt's the court did say that it would be a totally different case if the union had not provided to the employer evidence of reacquired majority support. So it's not that I agree with most of the holding in Leavitt's, but applying the holding to Leavitt's to the facts of this case where the union did not provide the employer with this evidence is arbitrary and capricious. And Leavitt's says that the rule doesn't cover that situation? Is that what Leavitt's says? No. No, Leavitt's doesn't say that. But Leavitt's does say that it would be a different situation had the union not. Which might affect the remedy. Well, I would like to move on to the actual issue where the board issued a bargaining order. In this particular case, the employer really did nothing wrong, and the remedy of a bargaining order is not appropriate. I think it's important to remember that this case did rise within the context of employees bringing about a decertification petition. There is absolutely no evidence in the record of any type of unfair labor practice committed by the employer other than this alleged unfair unilateral withdrawal. There existed a clear showing of employee dissatisfaction with the union, and I really believe that a board election would be the most appropriate remedy to effectuate the purposes of the act. The remedy of a bargaining order in these particular circumstances is not the one that is best suited to... It's hard to fathom. It is hard to fathom, Your Honor. That's fine. That's a perfectly plausible argument. And the other thing is that there absolutely is no need to impose the order to deter the company from further efforts to undermine the union because that's not what happened in this case. In most cases, we would waste all this time, and it could have been done promptly. It's so silly. I mean, it's just... Yes. How many months, years go by? It's all absurd. In this particular case, Your Honor, it's been approximately three and a half years, and I would ask, number one, I would ask the court to find that the initial order of the board is arbitrary. We don't make findings. I beg your pardon? We don't make findings. You said you wanted to define something. Profits make findings. I'm sorry? Findings are answers to factual questions. We don't make findings. Oh, I'm sorry. We have holdings. I'm sorry, Your Honor. This is an appellate court. I misspoke, Your Honor. I would ask that you decline to enforce the board's order or, in the alternative, remand it to the board for further analysis as to the appropriateness of the bargaining order. Thank you. Ms. Beard. Just so I don't forget it, where is Johnson Controls now? I, like yourself, took a look at that case, and I do not think that it is currently. I could not find it on Westlaw. I'm not sure if it is before the board still or if the case is settled or what stage it's in process-wise. Good morning. I'm Heather Beard for the Labor Board. The first thing that I would like to do is to talk about what you all talked about with my opponent, which is a lot of speculation about what would have happened had the company not withdrawn. Let's jump to the remedy that the board in effect put in here. You rely on Vincent Controls in trying to defend this bargaining order, right? The board has said that, yes. Vincent Plastics, I'm sorry. Vincent Industrial Plastics. Yes. Yeah. Now, have you read Vincent Industrial Plastics? Yes. Do you remember what the result was in Vincent Industrial Plastics? Judge Edwards wrote it. I'm sure he remembers. He said the board shouldn't have granted the bargaining order and denied that part of the enforcement and held forth the petition. You rely on Vincent and want us to come out the other way. I'm not finding, as Judge Edwards said about something else, but that doesn't make much sense. Sure. Well, the board has traditionally held in many cases and continues to hold that whenever there's a withdrawal of recognition and there's an affirmative bargaining order, the affirmative bargaining order is the traditional remedy. In Vincent Industrial Plastics— How many times did we reverse the board's opinion? Absolutely. How many times did we reverse the board's opinion? Can you remind us of one of them right here in Vincent? Your Honor, respectfully, that's why the board said it was considering the factors in Vincent Industrial Plastics. Yes, but you have here what is a technical violation where the union said on its hand, and you're saying that this is—if anything, this is a weaker case than Vincent was. And in Vincent, we didn't have any trouble saying the board improperly granted bargaining. Your Honor, what I respectfully disagree with is that this was a technical violation. Okay, it's a violation. Let's say it's a violation. We still have told you that the ordinary remedy is not a bargaining. But if the board considers, which the board did do here, the three factors— And it comes out with a result that doesn't follow from those three factors. Here, Your Honor, I would agree that the employees have been placed in a bad position with regard to getting their certified choice. Hold on just a minute. Hold on just a minute. Now, if you didn't, if the board had not issued the bargaining order, they would nonetheless have issued a cease and desist order, right? That is correct. And respect any unfair labor practice, right? That is correct. So what is accomplished by the use of the bargaining order rather than cease and desist? Thank you, Your Honor. What is accomplished is that the taint of the unlawful withdrawal of recognition, which took the bargaining representation away when there had not been an actual loss of majority status of the union, that undermines significantly, and the board has found repeatedly that— What changes is that the employees can no longer ask for a change in their representation, right? If there's a bargaining order? Right, with a bargaining order for a reasonable period of time. They can bargain for a reasonable period of time, and then— Counsel, will you try to—I got bad press this week from one lawyer. We get to interrupt the lawyers. They don't get to— I apologize. Understand that? Yes, I apologize. So the thing that changes is that the employees cannot get a change in their representation. The onus of this bargaining order really falls on the employees rather than on the employer, doesn't it? I would argue that that is not the case. The onus of— Okay, make a sensible argument that it's not the case. Okay. The employees never did not wish to be represented by the union in this case. They never lost—the union never— How do you know that the employees will not wish to do so during the period of the bargaining order? That is something different. They may. That is correct. During the course of bargaining for a reasonable period of time, which is what the board said in analyzing the factors it did for the bargaining order. How is the conduct of the employer any more constrained by the bargaining order than it is by the season decision? Because with a bargaining order, the employer has not been bargaining with the union, and therefore, the union—the employees who never lost—the union that never lost the support of the employees, the employees now are unable to be bargaining with the employer through their selected representative. Under the season— Sure. Under the season— Whoa, whoa, whoa. Under the season decision, would not the employer be constrained to engage in good, safe work? Your unfair labor practices, they refuse to work, right? Can you repeat that, Your Honor? Would it not be an unfair labor practice for the employer to refuse to argue in the face of the season decision? If there was the cease and desist order, the only thing—right now, there is no recognition of the union. So, no, that is why an affirmative bargaining order is necessary in order for there to be— I thought the union was already recognized before this event occurred. The union was recognized, but the employer stopped doing that once it withdrew recognition. So, right now, the union—the board has held that the recognition was improperly withdrawn. The cease and desist order would take care of that, would it not? No, and that's what the board said in the judge's opinion, that the board upheld the order. A cease and desist order does not give the benefit back to the union of having the support. And you'd never lose a bargaining order case. Correct. The problem is you're running—you know exactly what you're running up against. We've gone through that in this circuit, whatever I may have thought about in the years. But the law of the circuit not implicitly, explicitly rejects that. And so you really haven't given consideration to the third factor, that a cease and desist order would be adequate to remedy. I mean, I—and the ALJ's analysis on that was weak, to say the least. And the board's adoption of it, this doesn't explain why so in this kind of a case, where the employer didn't do anything wrong when it initially—just wait. That—we can't ignore that. The employer did nothing wrong. The employer got a majority list, checked it, verified it clean, didn't say any nasty things about the union, and said, I'm withdrawing recognition. The union then held the information they now want to win on. Well, you know what? That's a different situation, and we can take that into account. Or say to the board, you have to take that into account here, because it makes no sense. Because otherwise it's just a gotcha game. And you could have remedied it quickly if the people at the regional level had gotten it and said, well, have a new election, be done with this. That's the way to handle this kind of case. With three years later fooling around with this, you just say as soon as the ULP is filed, as soon as you start, have another election. End of discussion. Or have an election. May I respond, Your Honor? Sure. Okay. I first would like to respond to the bargaining order comment you made about the third factor and that in this instance the cease and desist order alone, that the board's analysis on that is weak. I would respectfully disagree, say that as I was explaining earlier, in this sort of a case which does not have a technical violation, there is an unfair labor practice violation. Levitt said that the harm of I totally take technical out. But just so you understand, as human judges, it looks more technical than other cases where the employer's really beating the daylights out of the union, saying nasty things, et cetera. The employer here did what the employer was entitled to do. So the cause of the problem was not the employer. The cause of the problem were the employees who you say need to be protected. They gave inconsistent messages. The employer acted on a perfectly fair message, received, and then never got a counter message. And then is later told, you know what, incidentally, when we never told you anything, you were violating the law. Judges take that into account, especially when you then end up with what's the appropriate remedy in that circumstance. And it's hard for us to fathom how the appropriate remedy in that circumstance can be, you must bargain. That makes no sense. Your Honor, well, the board would respectfully disagree, and that when the employer did withdraw recognition here, what you call a technical violation. No, don't call it technical. Okay, but I won't. Flat out violation. Okay. Flat violation. When the employer did that, it did it, as Levitt said, always, regardless of if it has signatures on a document, objective evidence, it does it at its peril. And when that happens, it did cause the union and the employees to lose the relationship that they were entitled to and that Levitt is protecting. What is the best explanation in the board's opinion of why the bargaining order is required, why this is an extraordinary case in this circumstance? Sure. I would point you to the board's decision in order that includes the administrative law, judges' decision in order, and underneath the remedy, it's on page 6 of the decision in order. What do you think is the winning argument there? What words do you think carry the day? Wind in your sails. Okay. An affirmative bargaining order vindicates the Section 7 rights of the unit employees who were denied the benefits of collective bargaining by the respondent's withdrawal of recognition and resulting refusal to bargain with the union for a successor collective bargaining agreement. Would that not completely displace all cease and desist remedies? Is that sufficient to warrant a bargaining order? Well, in this particular case... No, no. Would that same language not apply? Could that not be quoted in any case where there's a cease and desist order? And should I put in instead a bargaining order? No, I don't think it could be in any case where there's a cease and desist order. This is specifically the remedy of a bargaining order when there has been an unlawful withdrawal of recognition from the union. And so that factored, number one. I'd go to the second factor. Is this a stronger case for a bargaining order than Vincent was? In this instance, because the employees in the union were deprived for, based upon the withdrawal of recognition, contrary to Levitz that the employer engaged in at its peril, the board, under its precedent and respectfully considering the factors that this court instructed to consider in Vincent, made the determination that in this particular instance an affirmative bargaining order was appropriate. And what the board would urge is that in this case, there was an earlier case, Anderson Lumber was the other case in which the bargaining order was for a very similar case to this one, where the board also imposed an affirmative bargaining order. And that case came before this court in a case called Pacific Coast. And although the bargaining order wasn't at issue in this case, what it demonstrates is that the board continuously adheres to its precedent as well as considers the best factor, the factors in Vincent Industrial Plastics. And in this particular instance, when for three and a half years the employer has not bargained with the union, and at the time there was no actual loss, which is exactly what Levitz provides is not supposed to happen, the remedy in order to get what was the third piece of what I think is very persuasive of the order, the cease and desist order alone would not ever remedy the refusal to bargain because it would permit another challenge to the union's majority status before the taint of the unlawful withdrawal. The post-60 challenge would have been well taken. I'm sorry? The post-60 challenge would have been well taken, but for the majority. Why shouldn't it be the case that they could bring another? Oh, the employee's choice? You mean that the employee should be able to bring another challenge? Absolutely. Once there's been a reasonable time and period of bargaining when to remedy the effect of not having the loss of majority that's required under the law. See, that's such a simple answer. I mean, you can't do it. But the board in a case like this where you have this situation can issue a summary order and require an election. The employer has acted innocently at the moment it acted, and then the union withholds the information that would have damned them. That's the problem you've got. The board can summarily say, you violated the act, we're having an election. Your Honor, I, again, disagree with that. It's innocent, but I don't want to burden the court any further. Do you have any further questions? No. I'm out of time. Thank you. Thank you. Does Ms. Key have any time left? All right. Why don't you take a minute? You've come all the way from California. I really want to point out in the Anderson-Lumber case that counsel just referred to, the appellate court did not take up the argument of the appropriateness of a bargaining order because the petitioner had waived that argument and hadn't brought it up for appeal. I think that in this particular case, the underlying purposes of the act, which is employee-free choice, the most effective remedy in this case would be to order an election. And I thank you. All right. Thank you.
judges: Henderson, Edwards, Sentelle